## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**GARY LEE SMITH,**

        **Plaintiff,**

        **v.**
        **Case No. 2:20-CV-02439-JAR-JPO**

**UNITED STATES,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Gary Lee Smith brings this action *pro se* against Defendant, the Internal Revenue Service ("IRS") (referred to herein as the "United States" where appropriate),[1] seeking a tax refund of $384.00. This matter is now before the Court on the United States' Motion to Dismiss (Doc. 9). Plaintiff failed to file a response to the motion, and the time to do so has expired.[2] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of Plaintiff's failure to respond, the Court may grant the United States' motion to

---

[1] In a footnote to its motion, Defendant states that "the United States is the proper-party defendant in this suit because as a federal agency the Internal Revenue Service . . . may not be sued in its own name except to the extent Congress specifically allows such suits." Doc. 10 at 1 n.1 (citations omitted). Having no response or opposition to this argument from Plaintiff, the Court restyles the caption of this case to list the United States as the defendant and refers to Defendant as the "United States" herein. *See Arnett v. United States*, 845 F. Supp. 796, 798 (D. Kan. 1994) (restyling case caption to name the United States instead of IRS); *Shields v. Internal Revenue Serv.*, No. 2:16-cv-554, 2016 WL 7632893, at *1 n.4 (D. Utah Oct. 27, 2016) ("Plaintiff has named the IRS as the defendant, but the United States is the proper defendant." (citations omitted)).

[2] Under D. Kan. R. 6.1(d)(2), Plaintiff's response was originally due on March 9, 2021. On March 4, 2021, United States Magistrate Judge James P. O'Hara granted Plaintiff an extension of his response deadline to March 26, 2021 (Doc. 15), but Plaintiff has not filed a response as of the date of this Order.

dismiss as uncontested.  For the reasons set forth more fully below, the Court also finds that on the merits, this case must be dismissed without prejudice for lack of subject matter jurisdiction.

## I.      Factual Background

The following facts are taken from Plaintiff's Complaint.  Plaintiff is a United States citizen and resident of Leavenworth, Kansas.  He was a federal inmate from April 17, 2002 to August 29, 2019, and he alleges that he did not earn any taxable wages during his seventeen-year incarceration.  Plaintiff secured employment in late 2019 and, in February 2020, filed an income tax return for 2019 using Form 1040.  Plaintiff requested a refund of $384.00.

In late March 2020, Plaintiff received a letter from a collection agency stating that his income tax refund was being withheld and that he owed over $1,000 in back taxes and penalties from the year 2006.  Plaintiff then sent a letter to the IRS explaining that he was incarcerated between 2002 and 2019 and asserting that the IRS lacked authority to collect taxes after ten years from the date of the assessment.  The IRS never responded to Plaintiff's letter.  Plaintiff filed this action on September 8, 2020 seeking a tax refund for the year 2019.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[3]  "'[F]ederal subject matter jurisdiction is elemental,' and 'must be established in every cause under review in the federal courts.'"[4]  "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'"[5]   The United States moves to dismiss this case

---

[3] *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015)).

[4] *Id.* (alteration in original) (quoting *Pueblo of Jemez*, 790 F.3d at 1151).

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that it has not waived its sovereign immunity from suit.

Rule 12(b)(1) motions generally take two forms.  First, a facial attack questions the sufficiency of the complaint's allegations as to subject matter jurisdiction.[6]  "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[7]  Second, a factual attack goes beyond the complaint's allegations and challenges "the facts upon which subject matter jurisdiction depends."[8]  When reviewing a factual attack, "a district court may not presume the truthfulness of the complaint's factual allegations."[9]  Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[10]  The United States' motion is a factual attack, as it relies upon the Declaration of Revenue Officer Advisor Gregory Allison and attached tax forms relating to Plaintiff's tax liability.

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis.  The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[11]  "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[12]  The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal

---

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[7] *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325).

[8] *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325).

[9] *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325).

[10] *Id.* (first citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325; and then citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[12] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

theory on a plaintiff's behalf."[13]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[14]

## III.    Discussion

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[15]  "A party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit."[16]  "Any waiver of sovereign immunity must be 'unequivocally expressed in statutory text,' and courts must strictly construe any such waiver in favor of the United States."[17]

Here, Plaintiff alleges the basis for the court's jurisdiction under 28 U.S.C. § 1346(a), which does "permit[] civil suits against the United States for recovery of taxes 'erroneously or illegally assessed or collected.'"[18]  However, although the United States has conditionally waived sovereign immunity for tax refund suits, this limited waiver applies only where the taxpayer has fully paid the challenged assessment before bringing a tax refund action in federal

---

[13] *Whitney*, 113 F.3d at 1173–74 (citing *Hall*, 935 F.2d at 1110).

[14] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[15] *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992).

[16] *Midwest Crane & Rigging, Inc. v. United States*, No. 10-2137-KHV, 2010 WL 4968274, at *2 (D. Kan. Aug. 6, 2010) (citing *Thomas v. Pierce*, 662 F. Supp. 519, 523 (D. Kan. 1987)).

[17] *Id.* (quoting *Lane v. Pena*, 51 U.S. 187, 192 (1996)) (citing *Shaw v. United States*, 213 F.3d 545, 548 (10th Cir. 2000)).

[18] *Id.* (quoting 28 U.S.C. § 1346(a)).

district court.[19]  Further, the taxpayer first must have satisfied the conditions set forth in 26

U.S.C. §7422(a), which provides:

> No suit or proceeding shall be maintained in any court for the
> recovery of any internal revenue tax alleged to have been
> erroneously or illegally assessed or collected, or of any penalty
> claimed to have been collected without authority, or of any sum
> alleged to have been excessive or in any manner wrongfully
> collected, until a claim for refund or credit has been duly filed with
> the Secretary . . . .[20]

Thus, "[a] taxpayer may not sue the United States for the recovery of income taxes unless it has

timely filed a refund claim at the [IRS] in the manner prescribed by regulation."[21]

In this case, the United States argues that the Court lacks subject matter jurisdiction

because Plaintiff neither paid the challenged 2006 assessment nor filed a refund claim with the

IRS before bringing suit.  The United States relies on the Declaration of Gregory Allison, an IRS

Revenue Officer Advisor in Springfield, Missouri.[22]  Allison attests that he personally reviewed

Plaintiff's tax records for tax years 2006 and 2019, certain of which are attached to Allison's

declaration.[23]

Allison states that Plaintiff failed to file a federal income tax return for the year 2006, and

that the IRS therefore determined his tax liability and made an assessment against him in the

---

[19] *Id.* (first citing *Flora v. United States*, 357 U.S. 63, 75−76 (1958); and then citing *Ardalan v. United States*, 748 F.2d 1411, 1413 (10th Cir. 1984)).  *Cf. United States v. Forma*, 42 F.3d 759, 766 n.9 (2d Cir. 1994) ("Though taxpayers must make payment first if they wish to raise defenses to a tax assessment in a district court, they can contest an assessment in the Tax Court before making any payment.") (citing 26 U.S.C. §§ 6213−14)).  The Court expresses no opinion on the merits of any action by Plaintiff in the Tax Court.

[20] 26 U.S.C. §7422(a); s*ee also* ); *Travis v. United States*, 824 F. App'x 575, 577 (10th Cir. 2020); *Rosson v. United States*, 127 F. App'x 398, 400 (10th Cir. 2005); *Midwest Crane & Rigging, Inc.*, 2010 WL 4968274, at *2.

[21] *Green v. United States*, 880 F.3d 519, 532 (10th Cir. 2018) (second alteration in original) (quoting *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000)).  "The taxpayer may initiate a suit six months after filing for administrative remedies or after the Secretary renders a decision."  *Rosson*, 127 F. App'x at 400 (citing 26 U.S.C.§6532(a)(1)).

[22] Decl. of Gregory Allison, Doc. 11 ¶ 1.

[23] *Id.* ¶¶ 2, 5, 9; Docs. 11-1, 11-2.

amount of $1,104.00, plus other penalties and interest.[24]  Allison also attests that Plaintiff filed

an income tax return for 2019 in which he self-reported an overpayment of tax in the amount of

$364.00.[25]  On March 30, 2020, the IRS applied the $364.00 overpayment to Plaintiff's

outstanding liabilities for tax year 2006.[26]  Allison attests that Plaintiff's total 2006 tax liability

remains unpaid—Plaintiff has an outstanding balance of $2,424.26.[27]

Allison further declares that "IRS records do not reflect that [Plaintiff] filed an

administrative claim for refund for the $364.00 overpayment that was applied to his 2006 tax

liability that meets the requirements of the Treasury Regulations."[28]  The Treasury Regulations

require, among other things, that a refund claim (1) "be filed with the service center at which the

taxpayer currently would be required to file a tax return for the type of tax to which the claim

relates or via the appropriate electronic portal"; and (2) "set forth in detail each ground upon

which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact

basis thereof."[29]  "The statement of the grounds and facts must be verified by a written

declaration that is made under the penalties of perjury.  A claim which does not comply with this

paragraph will not be considered for any purpose as a claim for refund or credit."[30]  However, a

properly executed and filed tax return may qualify as a claim for a refund "for the amount of the

overpayment disclosed by such return."[31]  "To qualify as a refund claim, the tax return must not

---

[24] *Id.* ¶¶ 10−11.

[25] *Id.* ¶¶ 12. Although Plaintiff seeks a refund of $384.000, tax records attached to Allison's Declaration reflect that the actual amount of Plaintiff's overpayment in 2019 was $364.00.  *See* Doc. 11-2 at 3.

[26] Doc. 11 ¶ 13.

[27] *Id.* ¶ 14.

[28] *Id.* ¶ 15.

[29] 26 C.F.R. § 301.6402-2(a)(2), (b)(1).

[30] 26 C.F.R. § 301.6402-2(b)(1).

[31] *Dumont v. United States*, 85 Fed. Cl. 425, 428 (2009) (citing 26 C.F.R. § 301.6402-3(a)(5)); *see also Hale v. United States*, 143 Fed. Cl. 180, 188 (2019) (collecting cases).

only be properly executed, but it also must at a minimum 'identify . . . "the essential requirements" of each and every refund demand.'"[32]

The Court agrees with the United States that Plaintiff has failed to establish a waiver of its sovereign immunity in this case.  First, Plaintiff's failure to pay the full amount of the deficiency assessed against him for tax year 2006 precludes him from seeking a refund for amounts applied to that deficiency.  "The Supreme Court, [the Tenth Circuit], and all other federal circuits have long held that [§ 1346(a)(1)] requires the taxpayer to first pay the full amount of an income tax deficiency assessed by the IRS before he/she may challenge the assessment in a suit for refund under [that section]."[33]

Second, Plaintiff has not shown that he filed a refund claim for his 2006 tax liability before bringing suit.  Although Plaintiff purports to seek a refund for overpayment of taxes in 2019, his overpayment for that tax year was applied to his unpaid liabilities from tax year 2006, as permitted by law.[34]  Plaintiff did not file a tax return for 2006, nor is his allegation that he sent a "letter" to the IRS—a copy of which he has not provided to the Court—sufficient to show that Plaintiff has met the requirements of § 7422(a) and its accompanying regulations.  Because

---

[32] *Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S.*, 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001) (citations omitted)

[33] *Ardalan v. United States*, 748 F.2d 1411, 1413 (10th Cir. 1984); *see also Greek v. United States*, No. 2:20-cv-00278-KJM-KJN PS, 2021 WL 242771, at *3 (E.D. Cal. Jan. 25, 2021) ("A taxpayer must pay the full amount of an income tax deficiency before he or she may challenge its correctness by filing suit for a refund.") (citation omitted)); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("Because [the plaintiff] has not yet paid the assessed tax for which he seeks a refund, the trial court is without jurisdiction to hear his claim for a refund.").

[34] *See* 26 U.S.C. § 6402(a) ("In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . ."); 26 C.F.R. § 301.6402-3(a)(6) (same); *Morgan v. Comm'r of Internal Revenue*, No. 10918-14L, 2018 WL 3239631, at *3 (T.C. July 2, 2018) ("Section 6402(a) explicitly allows the IRS to credit a taxpayer's overpayment against any existing liability in another tax year.") (citation omitted)); *Oppenheim v. United States*, No. 07-852 T, 2009 WL 586118, at *5 (Fed. Cl. Mar. 6, 2009) ("The statute and case law are clear that the IRS has discretion to credit an overpayment to any pre-existing tax liability of a taxpayer.").

Plaintiff failed to "comply with the tax refund scheme established in the Code" before bringing suit, the Court must dismiss this matter without prejudice for lack of subject matter jurisdiction.[35]

**IT IS THEREFORE ORDERED BY THE COURT** that the United States' Motion to Dismiss (Doc. 9) is **granted**, and this case is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: March 31, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[35] *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) (citing *United States v. Dalm*, 494 U.S. 596, 609−10 (1990)).